COURT OF COMMON PLEAS OF LEHIGH COUNTY
CIVIL DIVISION

Case No 2020-C-1108

Anthony L Schiavone &
Kathleen L Schiavone
     Plaintiffs

V.

US Bank, National Association, as
Trustee of the Chalet Series IV Trust
     &
SN Servicing Corporation,
     Defendants

## **NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action **WITHIN TWENTY (20) DAYS** after this Amended Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the **plaintiff.**  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
LAWYER REFERRAL SERVICE
Bar Association of Lehigh County
1114 Walnut Street
Allentown PA 18102
610-433-7094

### Certification of Compliance

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: David Dunn Law Offices, PC

Signature: __/s/__ *David F Dunn*

Name: David F Dunn

ID NO: 10284

COURT OF COMMON PLEAS OF LEHIGH COUNTY
CIVIL DIVISION

Case No.

Anthony L Schiavone &
Kathleen L Schiavone
  Plaintiffs

V.

US Bank, National Association, as
Trustee of the Chalet Series IV Trust, &
SN Servicing Corporation
  Defendant

AMENDED COMPLAINT

1. Plaintiffs are Anthony L Schiavone and Kathleen L Schiavone, whose address is 89 Stonewood

   Place, Catasauqua PA 18032.

2. Defendants are:

   a.   US Bank, National Association as Trustee of the Chalet Series IV Trust, whose address is

       7114 E Stetson Drive, Suite 250, Scottsdale AZ 85251, "US Bank"; and

   b.  SN Servicing Corporation, whose address is 323 5th Street, Eureka CA, 95501, "SN

       Servicing."

   c.  The address for service of process for both defendants is c/o Lynch Law Group, 501

       Smith Drive, Cranberry Township PA 16066.

3. An entity known as MTGLO Investors was holder of the mortgage, noted on the docket of this

   case on July 15, 2019.

4. An internet search indicates that MTGLO had offices in Irving TX, and New York NY, but that

   there is no indication that such an entity exists at present.

5. Defendant US Bank is the assignee of the first mortgage on the home of the plaintiffs, by virtue

   of an assignment, dated August 13, 2019, and recorded in the Office of the Clerk of Judicial

   Records, Recorder of Deeds Division, Document 8964010, reference to which more fully

appears, the "Mortgage." The presence of US Bank as holder of the loan was not disclosed to

plaintiffs until December 12, 2019, according the docket in this case.

6.  On information and belief, SN Servicing is the servicer of the loan.

7.  At the time of the assignment, the property was the subject of an action in mortgage

foreclosure in Case No 2018-C-1471, "No. 1471."

8.  The prior holder of the Mortgage committed gross and fraudulent misconduct in mismanaging

the underlying loan, much of which is alleged as new matter in defense of No 1471, which, *inter*

*alia*, is re-alleged here in pursuit of damages not available in foreclosure, pursuant to Pa.R.Civ. P

No. 1148.

9.  The Mortgage secured a 15 year loan dated May 21, 2003.

10. At all times pertinent from August 13, 2019, SN Servicing was the agent, servant or authorized

representative of US Bank, with full authority to deal.

11. Plaintiffs re-allege the last previous paragraph. The existence of that relationship was not

disclosed to plaintiffs when on October 1, 2019 SN invited a modification request, which was

submitted October 27, 2019

12. At present foreclosure No 1471 is scheduled for non-jury trial September 25, 2020.


COUNT ONE: DEFENDANTS JOINTLY AND SEVERALLY


13. Plaintiffs re-allege paragraphs 1 through 12 of this pleading and claim relief pursuant to the

Pennsylvania Unfair Trade Practice and Consumer Protection Act, 73 PS Sec 1-201 and following,

particularly Sec 1-202(4)(xxi).

14. Joint and several liability of the defendants is claimed on the following basis: 42 Pa CS Sec

7102(a.1)(3)(i), fraudulent misrepresentation.

15. At the invitation of the defendants, the plaintiffs applied for mortgage modification.  Attached, marked as **EXHIBIT A**, and made part of this paragraph is the cover page of said application, which was submitted October 27, 2019.

16. The modification was refused on the grounds that the loan had matured, and was, therefore, not eligible for modification. Attached, marked as **EXHIBIT B**, and made part of this paragraph is the letter of rejection dated December 12, 2019.

17. Among other things the refusal was based on "HAMP"[1] ineligibility rules. HAMP expired at the end of 2016. Among other things the denial was based on an expired rule.

18. The plaintiffs exercised their right to appeal the denial of modification pursuant to 12 CFR Sec 1041(h). Attached, marked as **EXHIBIT C**, and made part of this paragraph is the letter of appeal dated December 19, 2019.

19.  The appeal was denied, in a letter from SN Servicing, indicating that maturity of the note made it ineligible for modification. That was based on rules for HAMP, but HAMP expired in 2016.

20. Attached, marked as **EXHIBIT D,** and made part of this paragraph is a timeline from the inception of two loans May 21, 2003 to the granting of preliminary objections in this case, reference to which more fully appears.

21. By affirming on appeal the denial of modification on the grounds of maturity of the note, the defendants indicated that they knew all along that maturity was a bar to modification.

22. By inviting and inducing the plaintiffs to seek modification of a loan supposedly held by MTGLO, or so plaintiffs were led to believe, defendants omitted a material fact, namely that the loan paper was no longer controlled by MTGLO.

23. By inviting and inducing plaintiffs to seek modification of the loan, the defendants represented, by necessary implication, that the loan was modifiable, a fact known by defendants to be false.

---

[1] Home Affordable Modification Program, originated 2009, to applications entertained after December 31, 2016

24. By failure to disclose that US Bank had become the holder of the loan account, the defendants omitted a material fact.

25. Therefore, the inducement of the plaintiffs to file for modification was intended to deceive them, to lure them into a false sense of optimism, to string them along, upon which deceit the plaintiffs justifiably relied, to their detriment.

26. Plaintiffs re-allege the last previous paragraph by reference. The extent of the economic detriment is the specter of a matured loan with no installment relief or extended terms, but only the gigantic lump sum due on maturity, estimated to be now in excess of $92,000, and the interest accruing thereon from October 27, 2019, estimated to be not less than $15 per day, through the date of this amended complaint, August 19, 2020, $4.455.00, plus $15 per diem each day thereafter.

27. The plaintiffs claim treble damages pursuant to 73 PS Sec 1-209.2[c], to wit:

|  | Item | Treble Damages | |
|---|---|---|---|
| [a] | Damages | $  92,000.00 | $276,000.00 |
| [b] | Interest | $    2,685.00 | $    8,055.00 |
| [c] | TOTAL CLAIMED | | $284,055.00 |

28. The plaintiffs claim a reasonable counsel fee to be determined by Your Honorable Court. Pursuant to 73 PS Sec 1-209.2[c].

29. Should the Court determine pursuant to 42 Pa CS Sec 7201 that the liability of the defendants is several, plaintiffs request the court to allocate liability and damages and counsel fees between the defendants accordingly.

WHEREFORE, the plaintiffs claim relief, and demand judgment in their favor and against the defendants, jointly and severally, for $284,055, plus $15 per diem after April 23, 2020, tripled, plus a reasonable counsel fee to be determined by Your Honorable Court.

COUNT TWO: US BANK ONLY

30. Plaintiffs re-allege all previous paragraphs of this pleading by reference, and claim relief severally against US Bank pursuant to 73 PS Sec 1-202(4)(xxi).L

31. US Bank holds the loan paper subject to any and all defenses against its predecessor in interest.

32. The Schiavones refinanced their first mortgage, and took out a home equity loan that become the second mortgage. The date of both loans was May 21, 2003. At the time, Wachovia Bank was holder and servicer on both loans.

33. On April 1, 2010, having completed its merger with Wachovia, Wells Fargo took over branch administration on the branch where the Schiavones did their banking.

34. On or about April 10, 2010, the defendant's predecessor refused timely payments on the two loan accounts, and allegedly added $10,000 in additional charges on the second mortgage. At this time Wells Fargo was holder and servicer of both loans.

35. On August 31, 2010, US Bank's predecessor filed a complaint in mortgage foreclosure, Lehigh County 2010-C-4348. The 2010 foreclosure was on the second mortgage. No action was taken on the first mortgage. At the time, Wells Fargo was holder and servicer on both loans.

36. On September 10, 2010, the Schiavones filed for protection under chapter 13, Case 10-22730, Eastern District of Pennsylvania.

37. On August 3, 2011, the Schiavones dismissed their bankruptcy, because Tony had lost his job.

38. The property was listed by Wells Fargo for sheriff sale, when on December 13, 2015, they again sought bankruptcy protection, chapter 13, Case No 15-18904, Eastern District of Pennsylvania. By then, Tony had found a well-paying job. At the time, Wells Fargo was both holder and servicer on both loans.

39. After failed negotiations, the Schiavones dismissed their bankruptcy, on January 25, 2018, unable to fully pay both loans within the 5 year limit imposed by chapter 13.

40. On April 17, 2018, Wells Fargo, as holder and servicer, listed the 2010 foreclosure for the July 18, 2018 sheriff sale. Again this was as to the second mortgage.

41. On June 11, 2018, Wells Fargo, as holder and servicer, filed an action in mortgage foreclosure on the Schiavone home, 2028-C-1471, now pending. Wells Fargo was holder and servicer on Case 1471 as well as the 2010 foreclosure.

42. Wells Fargo dismissed the 2010 foreclosure, and invited the Schiavones to apply for modification, which they did.

43. On September 30, 2018, the modification was refused on the grounds that their loan was a second mortgage. Wells Fargo, was at the time holder and servicer on both loans.

44. Plaintiffs re-allege the last previous paragraph. Wells Fargo, as holder and servicer, had refused modification on the wrong loan!

45. On January 31, 2019, the Schiavones filed a lender liability claim against Wells Fargo, Case2019-C-0319. At the time, Wells Fargo was holder and servicer on both loans.

46. On July 15, 2019, MTGLO was substituted as party. SN was by now the servicer.

47. On August 13, 2019, US Bank become the holder, with no notification to the Schiavones. SN continued as servicer.

48. By inviting and inducing the plaintiffs to seek modification of a loan supposedly held by  MTGLO, or so plaintiffs were led to believe, defendant omitted a material fact, namely that the loan paper was no longer controlled by MTGLO.

49. By inviting and inducing plaintiffs to seek modification of the loan, the defendant represented, by necessary implication, that the loan was modifiable, a fact known by defendants to be false.

50. By failure to disclose that US Bank had become the holder of the loan account, the defendant omitted a material fact.

51. Therefore, the inducement of the plaintiffs to file for modification was intended to deceive them, to lure them into a false sense of optimism, to string them along, upon which deceit the plaintiffs justifiably relied, to their detriment.

52. Plaintiffs re-allege the last previous paragraph by reference. The extent of the economic detriment is the specter of a matured loan with no installment relief or extended terms, but only the gigantic lump sum due on maturity, estimated to be now in excess of $92,000, and the interest accruing thereon from October 27, 2019, estimated to be not less than $15 per day, through the date of this amended complaint, August 19, 2020, $4.455.00, plus $15 per diem each day thereafter.

53. On December 12, 2019, the modification was refused, and US Bank appeared as a party

54. As a direct result, the loan has matured, and the wrongfully accumulated interest and principal allegedly due under the Mortgage loan are not less than $92,000.

55. Plaintiffs re-allege the last previous paragraph. But for the wrongful refusal of timely payments, the balance of the underlying loan would have been paid off, and the balance due would be zero.

56. Plaintiffs re-allege the last two previous paragraphs and claim damages on the wrongfully unpaid balance on the loan, not less than $92,000.

57. Pursuant to 73 PS Sec 1-209.2[c], plaintiffs claim treble damages to wit: $276.000.

58. Pursuant to 73 PS Sec 1-209.2[c], plaintiffs claim a reasonable counsel fee to be determined by Your Honorable Court.

WHEREFORE, plaintiffs claim relief, and demand judgment in their favor and against defendant

US Bank, damages of $276,000, and a reasonable counsel fee to be determined by Your

Honorable Court.

Respectfully submitted:

David Dunn Law Offices, PC

By> *David F Dunn*                PA ID No 10284

.... /s/....David..F...Dunn...........

1248 W. Hamilton Street, Allentown PA 18102
Tel: 610-972-2494; Fax: 610-439-8760
dunncourtpapers@uigzone.com



**SERVICING CORPORATION**

Main Office NMLS# 5985
Branch Office NMLS #9785
Scott Nielsen NMLS# 191008
Jeff Harrison NMLS # 1314656
Phone: (800) 603-0836
Web: www.snsc.com

## Request for Mortgage Assistance

### **COMPLETE ALL PAGES**

| Borrower | Co-Borrower |
|---|---|
| Borrower's Name<br>Anthony L Schiavone | Co-Borrower's Name<br>Kathleen L Schiavone |
| Mailing Address<br>87 Forward Place<br>Catasauqua PA 18032 | Mailing Address, if different from Borrower's |

| | | | | | |
|---|---|---|---|---|---|
| **Mortgage Loan Number** | ▓▓▓▓▓▓▓▓▓▓ | | | | |
| **Property Address** | | | | | |
| **The Property is** | Owner Occupied: ☒ | Renter Occupied: ☐ | | Vacant: | ☐ |
| **The Property is my** | Primary Residence: ☒ | Second Home: ☐ | | Investment: | ☐ |
| **I want to (check all that apply)** | Keep the Property: ☒ | Sell the Property: ☐ | | Vacate: | ☐ |
| **Have you contacted a Housing Counselor for help?** | Yes ☐ | No ☒ | | | |
| **If yes, please provide the following contact information:** | Agency Name: | | | | |
| | Counselor's Name: | | | | |
| | Counselor's Phone #: | | | | |
| | Counselor's Email: | | | | |
| **Who pays the Real Estate Tax Bill on your Property?** | I pay bill: ☒ | Lender pays: ☐ | | Condo/HOA pays: | ☐ |
| **Are the Taxes current?** | Yes ☒ | No ☐ | | | |
| **Do you have Condo or HOA fees?** | Yes ☐ | No ☒ | | | |

SNSC Loss Mitigation Application rev 02/11/2019

Page 2

*EXHIBIT A*

 **SERVICING CORPORATION**

Main Office NMLS# 5985
Branch Office NMLS #9785
Scott Nielsen NMLS# 191008
Jeff Harrison NMLS # 1314656
Phone: (800) 603-0836
Web: www.snsc.com

| If yes, specify Amount and HOA Name | Amount: | Paid to: | |
|---|---|---|---|
| Who pays the Hazard Insurance Premium on your Property? | I pay bill: ☐ | Lender pays: ☐ | Condo/HOA pays: ☐ |
| Is the Policy current? | Yes ☒ | No ☐ | |
| Name of Insurance Company: | GRANGE | | |
| Insurance Company Phone #: | 855 776 8442 | | |
| Have you filed for Bankruptcy? | Yes ☒ | No ☐ | |
| If yes, what Chapter | Chapter 7 ☐ | Chapter 12 ☐ | |
| | Chapter 11 ☐ | Chapter 13 ☒ | |
| Bankruptcy Filing Date: | Dec 2015 - DISM 3/18 | | |
| Bankruptcy Case Number: | 15 18904 | | |
| Has your Bankruptcy been Discharged? | Yes ☐ | No ☒ | |
| Is the Property listed for Sale? | Yes ☐ | No ☒ | |
| For Sale by Owner? | Yes ☐ | No ☒ | |
| Have your received an Offer on the Property? | Yes ☐ | No ☒ | |
| If yes, please provide the following: | | | |
| | Date of Offer: | NONE | |
| | Amount of Offer: | $ | |
| | Agent's Name: | | |
| | Agent's Phone Number: | | |

## Please list any Additional Liens, Mortgages, HELOCs on this Property

| Lien Holder/Servicer's Name | Loan Number | Contact Number |
|---|---|---|
| Wells Fargo | Unknown | 215-563-7000 |
| | | |

# Affidavit of Financial Hardship

In order to qualify for **SN Servicing Corporations** ("Servicer") offer to enter into an agreement to modify my loan, I/we am/are submitting this form to the Servicer and indicating by my/our checkmarks ("✓") the one or more events that contribute to my/our difficulty making payments on my/our mortgage loan.

Borrower    Co-Borrower

☒    ☒    My income has been reduced or lost. For example: unemployment, underemployment, reduced job hours, reduced pay, or a decline in self-employed business earnings. I have provided details below under "Explanation."

☐    ☐    My household financial circumstances have changed. For example: death in family, serious or chronic illness, permanent or short-term disability, increased family responsibilities (adoption or birth of a child, taking care of elderly relatives or other family members). I have provided details below under "Explanation."

☐    ☐    My expenses have increased. For example: monthly mortgage payment has increased or will increase, high medical and health-care costs, uninsured losses (such as those due to fires or natural disasters), unexpectedly high utility bills, increased real property taxes. I have provided details below under "Explanation."

☒    ☒    My cash reserves are insufficient to maintain the payment on my mortgage loan and cover basic living expenses at the same time. Cash reserves include assets such as cash, savings, money market funds, marketable stocks or bonds (excluding retirement accounts). Cash reserves do not include assets that serve as an emergency fund (generally equal to three times my monthly debt payments). I have provided details below under "Explanation."

☐    ☐    My monthly debt payments are excessive, and I am overextended with my creditors. I may have used credit cards, home equity loans or other credit to make my monthly mortgage payments. I have provided details below under "Explanation."

☒    ☒    There are other reasons I/we cannot make our mortgage payments. I have provided details below under "Explanation."

## Borrower/Co-Borrower Acknowledgement

1. Under penalty of perjury, I/we certify that all of the information in this affidavit is truthful and the event(s) identified above has/have contributed to my/our need to modify the terms of my/our mortgage loan.
2. I/we understand and acknowledge the Servicer may investigate the accuracy of my/our statements, may require me/us to provide supporting documentation, and that knowingly submitting false information may violate Federal law.
3. I/we understand the Servicer will pull a current credit report on all borrowers obligated on the Note.
4. I/we understand that if I/we have intentionally defaulted on my/our existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this Hardship Affidavit, or if I/we do not provide all of the required documentation, the Servicer may cancel the Agreement and may pursue foreclosure on my/our home.

1

Main Office        Scott Nielsen
NMLS # 5985    NMLS # 191008
Branch Office
NMLS # 9785

5. I/we certify that my/our property is owner-occupied and I/we have not received a condemnation notice.
6. I/we certify that I/we am/are willing to commit to credit counseling if it is determined that my/our financial hardship is related to excessive debt.
7. I/we certify that I/we am/are willing to provide all requested documents and to respond to all Servicer communication in a timely manner. I/we understand that time is of the essence.
8. I/we understand that the Servicer will use this information to evaluate my/our eligibility for a loan modification or other workout, but the Servicer is not obligated to offer me/us assistance based solely on the representations in this affidavit.

| | | | |
|---|---|---|---|
| **Borrower Signature** | **Date** 10/27/19 | **Co-Borrower Signature** | **Date** 10/27/19 |

E-mail Address: _____
Cell Phone  610 390 1766
Home Phone _____
Work Phone _____

E-mail Address: _____
Cell Phone  610 390 1764
Home Phone _____
Work Phone _____

**Explanation:** (Please give a description of your hardship situation)

See attached Continuation Sheet
from Lehigh County Civil Action
#- 2019 - C 319

Main Office
NMLS # 5985
Branch Office
NMLS # 9785
Scott Nielsen
NMLS # 191008

2

Continuation Sheet to Affidavit of Hardship

The conduct of Defendant:

    a. By engaging 3 different law firms to attack and harass Plaintiffs;

    b. By maintaining two foreclosure cases at the same time;

    c. By refusing modification on the wrong loan;

    d. By then not giving proper notice of modification refusal of the first mortgage;

    e. By unlawfully refusing payments over 8 years, an aggregate of $77,760.00

    f. By charging $10,046.00 against the home equity loan, and refusing to explain the

      charge;

| | | |
|---|---|---|
| a. Unlawfulluy refused payments | $77,760.00 | |
| b. Unexplained charges | $ 10,046.00 | |
| c. Subtotal | $87,806.00 | |
| d. Treble damages thereon | | 3 times 3 |
| e. TOTAL DAMAGES CLAIMED | $263,418.00 | |

Taken from complaint at Lehigh County 2019-C-319

The foregoing is certified pursuant to 18 PaCS Sec 4904 to be true and correct

to the best of our knowledge and belief.

Signed> _(signature)_        Dated> 10/27/19

Signed> _(signature)_        Dated> 10/27/19

## FINANCIAL ANALYSIS WORKSHEET

| BORROWER | | CO-BORROWER | |
|---|---|---|---|
| Employer Name | | Employer Name | |
| Employer Phone # | | Employer Phone # | |
| Years on Job | | #Years on Job | |

| BORROWER MONTHLY INCOME | | CO-BORROWER MONTHLY INCOME | |
|---|---|---|---|
| Gross Wages per Month: | $ | Gross Wages per Month: | $ |
| Unemployment Compensation: | $ | Unemployment Compensation: | $ |
| Child Support/Alimony*: | $ | Child Support/Alimony*: | $ |
| Disability/SSI: | $ | Disability/SSI: | $ |
| Rental Income: | $ | Rental Income: | $ |
| Pension/Annuity Income: | $ | Pension/Annuity Income: | $ |
| Tips, Commission, Bonus, Overtime: | $ | Tips, Commission, Bonus, Overtime: | $ |
| Foods Stamps/Public Assistance*: | $ | Foods Stamps/Public Assistance*: | $ |
| Non-Borrower Contribution: | $ | Non-Borrower Contribution: | $ |
| Other: | $ | Other: | $ |
| Federal & State Tax Withholdings | -$ | Federal & State Tax Withholdings | -$ |
| Other Deductions (401k etc) | -$ | Other Deductions (401k etc) | -$ |

| COMBINED HOUSEHOLD ASSETS (BORROWER AND CO-BORROWER) | |
|---|---|
| Checking Accounts (Total amount, if more than one) | $ |
| 401(K), IRA, or Pension Fund | $ |
| Savings/Money Market | $ |
| Certificates of Deposits (CDs) | $ |
| Stocks/Bonds/Mutual Funds | $ |
| Cash on Hand | $ |
| Value of all Real Estate except Principal Residence | $ |
| Settlement | $ |
| Other | $ |

| COMBINED MONTHLY EXPENSES (BORROWER AND CO-BORROWER) | | | |
|---|---|---|---|
| 1st Mortgage (Principal & Interest) | -$ | Auto Loans/Lease | -$ |
| Other Mortgage (Principal & Interest) | -$ | Fuel, Maintenance/Repairs | -$ |
| Other Mortgage (Principal & Interest) | -$ | Auto Insurance/Registration | -$ |
| Homeowners Insurance | -$ | Other Transportation Expenses | -$ |
| Property Taxes | -$ | Credit Cards Minimum Payment | -$ |
| HOA/Condo Fees | -$ | Personal Loan Minimum Payment | -$ |
| Electricity | -$ | Child Support/Alimony Expense | -$ |
| Gas | -$ | Child Care | -$ |
| Water and Sewer | -$ | Health Insurance | -$ |
| Waste/Trash Removal | -$ | Medical/Dental/Vision Insurance | -$ |
| Telephone/Cell Phone | -$ | Food/Groceries | -$ |
| Internet Service | -$ | Dining Out | -$ |
| Cable/Satellite | -$ | Personal & Household Items | -$ |
| Negative Net Rental Income | -$ | Other Debt/Miscellaneous | -$ |

*Note: You are not required to disclose Public Assistance, Child Support, Alimony or Separation Maintenance, unless you choose to have it considered by your servicer.

## FINANCIAL ANALYSIS WORKSHEET

| Borrower | | | Co-Borrower | | |
|---|---|---|---|---|---|
| Employer | Summit Apparel | | Employer | Retired | |
| Employer Phone | 866-769-2517 | | Employer Phone | | |
| Years on Job | 1.5 | | Years on Job | | |

| Borrower Monthly Income | | | Co-Borrower Monthly Income | | |
|---|---|---|---|---|---|
| Gross per month | $ | 2,457.00 | Gross per month | $ | - |
| Unemployment Comp | $ | - | Unemployment Comp | $ | - |
| Child Support/Alimony | $ | - | Child Support/Alimony | $ | - |
| Disability SSI | $ | - | Disability SSI | $ | - |
| Rental Income | $ | - | Rental Income | $ | - |
| Pension/Annuity Income | $ | 2,057.00 | Pension/Annuity Income | $ | 900.00 |
| Tips, Commission, Bonus, Overtime | $ | - | Tips, Commission, Bonus, Overtime | $ | - |
| Food Stamps/Public Assistance | $ | - | Food Stamps/Public Assistance | $ | - |
| Non-Borrower Contribution | $ | - | Non-Borrower Contribution | $ | - |
| Other | $ | - | Other | $ | - |
| Federal & State Withholdings | $ | 296.83 | Federal & State Withholdings | $ | - |
| Other Deductions (401k, &c) | $ | - | Other Deductions (401k, &c) | $ | - |
| | $ | 4,810.83 | | $ | 900.00 |

| Combined Household Assets (Borrower & Co-Borrower) | | |
|---|---|---|
| Checking Accounts (Total amount if more than one) | $ | 1,200.00 |
| 401k, IRA, Pension Fund | $ | - |
| Savings/Money Market | $ | - |
| Stocks, Bonds, Mutual Funds | $ | - |
| Certificates of Deposit | $ | - |
| Cash on Hand | $ | - |
| Value of all Real Estate Except Principal Residence | $ | 1,000.00 |
| Settlement | $ | - |
| Other | $ | - |
| | $ | 2,200.00 |

Note: Anthony Job likely to terminate 2022, when he turns 70  DOB Nov 18-19-52
Request appropriate prooration

Kathy turns 65 in July 2020, Must allow $100 reduction for Part A deduction
Request approriate adjustment

| Combined Monthly Expenses (Borrower & Co-Borrower) | | |
|---|---|---|
| 1st Mortgage Principal and Interest | | |
| IN LITIGATION | $ | 561.00 |
| Other Mortgage (Principal & Interest) | | |
| IN LITIGATION | $ | 252.00 |
| Other Mortgage (Principal & Interest) NONE | $ | - |
| Homeowners Insurance | $ | 34.92 |
| Property Taxes | $ | 272.00 |
| HOA/Condo Fees | $ | - |
| Electricity | $ | 190.00 |
| Gas | $ | - |
| Water & Sewer | $ | 35.00 |
| Waste/Trash Removal | $ | 35.00 |
| Telephone/Cell | $ | 100.00 |
| Internet Service Cable, Wi-Fi | $ | 200.00 |
| Cable Satellite | See above | $ | - |
| Negative Rental Income | $ | - |
| | $ | 1,679.92 |

| Analysis Omits the Following from IRS Collection Finacial Standards | | |
|---|---|---|
| Household Two Persons Food Clothing etc | $ | 1,288.00 |
| Transport Eastern Region Operation 2 vehicles | $ | 474.00 |
| Out of Pocket Medical 2 persons 1 over age 65 | $ | 166.00 |
| Subtotal | $ | 1,928.00 |
| Tax on social security not withheld | 85% taxable at 12% | $ | 25.00 |
| Additional Monthly Expenses Not Shown on Worksheet | $ | 1,953.00 |

| Tony>> | $ | 2,057.00 |
|---|---|---|
| Kathy>> | $ | 900.00 |
| Subtotal | $ | 2,957.00 |
| Calculation per 1040 worksheet | | 0.85 |
| Taxable Amount | $ | 2,513.45 |
| Applicable rate | | 0.12 |
| TAX | $ | 301.61 |
| Monthly | $ | 25.00 |

The foregoing is certified to be true and correct to the best of our knowledge and belief,
pursuant to 28 USC Sec 1796.

Anyhony L Schiavone          Date          Kathleen L Schiavone          Date



**SERVICING CORPORATION**

323 5TH STREET
EUREKA, CA 95501
Toll-Free 800-603-0836
8:00 a.m. -5:00 p.m. PT

12/12/2019

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

KATHLEEN L SCHIAVONE
89 STONEWOOD PL
CATASAUQUA, PA 18032

## NOTICE OF ATTEMPT TO COLLECT DEBT

### Para información en español llame al (800) 603-0836 ext 2643
### For more information in Spanish call (800) 603 0836 ext 2643

RE:     Mortgage Note dated: 5/21/2003
        Account No.

**YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, THEIR EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Borrower:

Thank you for your interest in a mortgage modification. SN Servicing Corporation reviewed your application as the servicing agent for U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust, who is the holder of your note and SN Servicing Corporation is the servicer attempting to collect this debt on U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust's behalf.

SN Servicing Corporation has reviewed the request for a modification of this loan and unfortunately we are unable to grant a modification of this loan based on the information received. This notice is being sent in compliance with the applicable rules and regulations required by law, including but not limited to the Equal Credit Opportunity Act.

Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,
Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656 Leann Lemoine – NMLS #1631473

Revised 06-26-2019

*EXHIBIT B*

We consider a number of factors in making credit decisions. Please be advised that your recent request for a modification has been denied for the following reasons:

[ ] **Payment Default During the Trial Period Plan:** You have failed to make the trial period payments as provided in the Trial Period Plan and you are in default.

[ ] **Loan Paid or Reinstated:** We have been informed that the subject loan has been paid or reinstated.

[ ] **Withdrawn Request or Non-Acceptance of Offer:** You have withdrawn the request for consideration of the modification or not accepted the offer made by SN Servicing Corporation. Failure to make the first trial period payment in a timely manner is considered non-acceptance of the Trial Period Plan.

[ ] **Incomplete Information:** We have requested information or financial verification documents that have not been received. Your failure to provide all required        information and documents by the date provided makes you ineligible for a modification.

[ ] **Ineligible Income:**  We have determined that your income is insufficient, and/or you have excessive obligations in relation to your income.

[ ] **Ineligible Mortgage for HAMP:** You were offered a modification through the federal Home Affordable Modification Program ("HAMP"), but we are unable to offer you a modification because your loan did not meet one or more of the following HAMP eligibility criteria.

    [ ] Your loan was not originated on or before January 1, 2009.
    [ ] Your loan with us is not a first lien mortgage.
    [ ] The current unpaid principal balance on your loan is higher than the program limit.
    [X] Your loan has matured.

[ ] **Ineligible Borrower:** We are unable to offer you a modification because your current monthly housing expenses, which include the monthly principal and interest payment on your first lien mortgage loan plus property taxes, hazard insurance and homeowner's dues (if any) is not within the allowable debt to income ratio which would entitle you to be eligible for a modification.

[ ] **Property Not Owner Occupied:** We are unable to offer you a modification because you do not live in the property as your primary residence.

[ ] **Ineligible Property:** We are unable to offer a modification because your property:

    [ ] is vacant
    [ ] has been condemned
    [ ] has more than four dwelling units or
    [ ] has excessive delinquent property taxes

[ ] **Investor Guarantor Not Participating:** We are unable to offer you a modification because:

    [ ] We service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan.
    [ ] Your loan is insured by a private mortgage insurance company that has not approved a modification.
    [ ] Your loan is guaranteed and the guarantor has not approved a modification.

Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,
Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656 Leann Lemoine – NMLS #1631473

Revised 06-26-2019

[X] **Investor Declined Loan Modification:** We are unable to offer you a modification because: The loan has matured.

[ ] **Bankruptcy Court Declined:** We are unable to offer you a modification because you have filed for bankruptcy protection and the proposed modified loan terms were not approved by the Bankruptcy Court. You may wish to contact your bankruptcy counsel or trustee to discuss this decision.

[ ] **Loan Does Not Qualify Based on Modification Guidelines.**

---

Although we have determined that you are not eligible for a loan modification, there may be other loss mitigation options available to you, including forbearance, a payment plan, short sale, or deed-in-lieu. Please contact me to discuss these options. We cannot guarantee that you will qualify for other loss mitigation assistance. While your account is under review, you should consider your alternatives if loss mitigation is denied.

### Right to Appeal

You have the right to appeal our determination not to offer you the loan modification Trial Period Plan(s) listed above. If you would like to appeal, you must contact us in writing at the address provided below, no later than **12/26/2019 -** *14 CALENDAR DAYS FROM THE DATE OF THIS LETTER*, and state that you are requesting an appeal of our decision.

You must include in the appeal your name, property address, and mortgage loan number. You may also specify the reasons for your appeal, and provide any supporting documentation. Your right to appeal expires **12/26/2019-** *14 CALENDAR DAYS FROM THE DATE OF THIS LETTER*. Any appeal requests or documentation received after **12/26/2019 -** *14 CALENDAR DAYS FROM THE DATE OF THIS LETTER* may not be considered.

If you elect to appeal, we will provide you a written notice of our appeal decision within 14 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to make the full mortgage payment amount until resolution of the appeal; however, the failure to make such payments may have adverse impacts to your credit rating.

If we determine on appeal that you are eligible for a loan modification Trial Period Plan, we will send you an offer for that Trial Period Plan. In that case, you may choose to make the full mortgage payment amount (including any delinquent amounts and late charges that have accrued during the appeal process) or you may notify us of your intent to accept the new Trial Period Plan payment offer by contacting us at 1-800-603-0836 in writing at SN Servicing Corporation, 323 5th Street, Eureka, CA 95501 no later than 14 calendar days from the date of the appeal decision.

If we do not receive a response to an offer of loss mitigation, after 14 days we will deem that the lack of a response as a rejection of a loss mitigation option.

If you wish to appeal the denial, you may email your appeal or mail the appeal to the address below. If contacting SN Servicing through email please do not include confidential information.

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**

**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656 Leann Lemoine – NMLS #1631473**

Email Address or Physical Mailing Address for sending Appeal Request.

- o customserv@snsc.com
     Or
- o SN Servicing Corporation
     Modification Appeals
     323 5th Street
     Eureka, Ca 95501

Included in the appeal correspondence, please provide the following information:

- o Loan #
- o Name as it appears on loan;
- o Property Address
- o Contact Phone #
- o Best time to call to discuss their appeal.
- o Reason(s) for the appeal of the Modification Denial.

**If you are a North Carolina resident and you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov .**

**If you are a California resident, you may obtain additional documentation supporting the denial decision upon written request.**

If you wish to discuss the reasons for the denial of the modification or to discuss other loss mitigation options you may contact us at (800) 603-0836 ext. 2643. Otherwise, SN Servicing Corporation shall proceed with efforts to enforce the terms of the Note and Deed of Trust/Mortgage for payment of this account.

Sincerely,

SN Servicing Corporation
Jeff Harrison
800-603-0836 ext. 2643

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656 Leann Lemoine – NMLS #1631473**

Revised 06-26-2019

## NOTICES

Hours of operation provided reflect general hours for SN Servicing.

Our decision was based in part upon information, not necessarily of a derogatory nature, from the consumer reporting agencies identified below. The reporting agencies played no part in our decision and are unable to provide the specific reasons for our decision. Because our decision is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Under the Fair Credit Reporting Act and the Consumer Credit Reporting Agencies Act, you have the right to make a written request to any credit reporting agency identified below within 60 days of the receipt of this notice to obtain a free copy of your report:

Experian, P.O. Box 2002. Allen, TX 75013 (866) 200-6020 Toll-Free

Equifax Information Services, LLC. P.O.Box 740241, Atlanta, GA 30374
(800) 685-1111 Toll-Free

TransUnion Consumer Solutions, P.O.Box 2000. Chester, PA 19022-2000
(800) 916-8800 Toll-Free

You may seek assistance at no charge from HUD-approved housing counselors and may request assistance in understanding this letter by asking for MHA HELP at the HOPE Hotline Number (888)995-HOPE.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Avenue - Suite 3450, Houston TX 77010.

If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656 Leann Lemoine – NMLS #1631473**

Revised 06-26-2019

| Servicemembers Civil Relief Act Notice Disclosure | U.S. Department of Housing and Urban Development Office of Housing | OMB Approval 2502-0584 Exp 3/31/2021 |
|---|---|---|

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC App. §§ 3901-4043) (SCRA).

## Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

## What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during, or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

- In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders.
- [Servicer: SN Servicing Corporation, 323 Fifth Street, Eureka, CA 95501]
- There is no requirement under the SCRA, however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php
  - "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.mil/legal or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,
Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656 Leann Lemoine – NMLS #1631473

Revised 06-26-2019



## DAVID DUNN LAW OFFICES, PC
1248 W. Hamilton Street
Allentown PA 18102
Tel: 610-439-1500; Fax: 610-439-8760
AskDave@daviddunnlaw.com

December 19, 2019

SN Servicing Corporation
MODIFICATION APPEALS
Mr. Jeff Harrison
323 Fifth Street
Eureka CA 95501

In Re:   Borrower:              Anthony & Kathleen Schiavone
       Street Address:        89 Stonewood Place, Catasauqua PA
       SN Loan Number:
       Contact phone number above
       Best time to call: 9-5 Eastern Time

Dear Mr. Harrison:

I represent Anthony & Kathleen Schiavone. They appeal your denial of modification December 12, 2019.

The grounds for denial stated that the investor disapproved because the loan had matured.

The grounds for appeal are as follows:

- The date of loan maturity was not disclosed.

- Maturity is not a valid reason for refusal of modification.

- Settlement methods are available outside modification, but were not revealed in any of

  your communications, including the refusal of December 12, 2019.

EXHIBIT C

- If the loan had matured prior to the submission of my clients' application, and (in the alternative) if a matured loan may not be modified, then why did SN string the borrowers along if a matured loan was not modifiable in the first place?

The appeal must be granted.

David Dunn Law Offices, PC

By>...................................................

We join in the grounds stated for appeal, and authorize SN to communicate with our counsel.

Signed>........................................  Dated>....12/19/19....

Signed>........................................  Dated>....12/19/19....

## CERTIFICATION

The undersigned certifies pursuant to PaCS Sec 4904 as follows:

1. That he is counsel with knowledge of the facts.

2. That he is authorized by plaintiffs to execute this certification in view of the Coronavirus

    restriction on movement;

3. That the certification of the plaintiffs will be substituted as soon as practicable.

Signed>............................................................    Dated>...April 23, 2020

COURT OF COMMON PLEAS OF LEHIGH COUNTY
CIVIL DIVISION

Case No.

Anthony L Schiavone &
Kathleen L Schiavone
    Plaintiffs

v.

US Bank, National Association, as
Trustee of the Chalet Series IV Trust
    &
SN Servicing Corporation,
    Defendants

## CERTIFICATION OF SERVICE

The undersigned certifies pursuant to 18 PACS Sec 4904 that the within complaint was served, certified

mail, return receipt requested upon each of the following the following:

US Bank, National Association as Trustee of the
Chalet Series IV Trust
7114 E Stetson Drive, Suite 250
Scottsdale AZ 85251

SN Servicing Corporation
323 5th Street
Eureka CA 95501

Date of Service: ~~April 24th 2020~~ April 28, 2026

Respectfully submitted:

David Dunn Law Offices, PC

By> ~~David Thunn~~

PA ID No 10284

.... /s/ ....David..F...Dunn...........

1248 W. Hamilton Street, Allentown PA 18102
Tel: 610-972-2494; Fax: 610-439-8760
dunncourtpapers@uigzone.com

# EXHIBIT D

## SCHIAVONE TIMELINE: ALL CASES AND PARTIES IN INTEREST

| Date | Event | Holder | Servicer | Additional Information |
|------|-------|--------|----------|------------------------|
| 5/21/2003 | Refinance of 1st 15 yrs | Wachovia | Wachovia | |
| 5/21/2003 | Home Equity 2nd 15 yrs | Wachovia | Wachovia | existence of 2 loans not disclosed to Schiavone |
| 1/2/2009 | Wachovia merger with Wells fargo | Wachovia /Wells | Wachovia /Wells | |
| 1/2/2009 | 1st | Wachovia /Wells | Wachovia /Wells | |
| 1/2/2009 | 2nd | Wachovia /Wells | Wachovia /Wells | |
| 4/1/2010 | Wells Fargo takes over Whitehall branch of Wachovia where schiavones did their banking | Wells | Wells | |
| 4/1/2010 | 1st | Wells | Wells | |
| 4/1/2010 | 2nd | Wells | Wells | |
| 4/10/2010 | Wells refuses timely payments | Wells | Wells | |
| 4/10/2010 | 1st | Wells | Wells | |
| 4/10/2010 | 2nd | Wells | Wells | |
| 8/31/2010 | Foreclosure by Wells Fargo on **second mortgage** 2010-c-4348 | Wells | Wells | |
| 8/31/2010 | 1st no action pending | Wells | Wells | |
| 9/10/2010 | Sciavone files ch 13 #10-22730 | Wells | Wells | Avoid sheriff sale |
| 8/3/2011 | Dismiss #10-22730 | Wells | Wells | Tony lost job |
| 12/13/2015 | Schiavone file ch 13 # 15-18904 | Wells | Wells | Tony now has job, avoid sheriff sale |
| 12/13/2015 | 1st | Wells | Wells | |

# EXHIBIT D

| Date | Event | Holder | Servicer | Additional Information |
|------|-------|--------|----------|------------------------|
| 12/13/2015 | 2nd Mortgage | Wells | Wells | |
| 1/25/2018 | Schiavone dismisses #15-18904 not feasible | Wells | Wells | UNABLE TO FULLY PAY BOTH UNDER 5 YR CH 13 LIMIT |
| 4/17/2018 | Praecipe for execution Sheriff sale July 2018, ON SECOND MORTGAGE, using Manley Deas Kochalsky | Wells 2nd | Wells 2nd | |
| 6/11/2018 | Foreclosure by Wells on 1st MORTGAGE using Phelan Hallinan Diamond and Jones | Wells 1st | Wells 1st | |
| 7/10/2018 | Dismiss 1010-C-4348 (2nd mortgage) | Wells 2nd | Wells 2nd | |
| 7/20/2018 | **Modification application on 1st mortgage** under auspices of Phelan | Wells 1st | Wells 1st | |
| 9/30/2018 | Modifciation denied on grounds that this was a **second mortgage** | Wells both | Wells both | **Rejected modification on the wrong loan** |
| 1/31/2019 | File case 2019-c-0319 Schiavone v Wells Fargo (Both mortgages) | Wells both | Wells both | |
| 7/15/2019 | Assignment 1st | MTGLO INVESTORS LP, 1st | SN Servicing 1st | |
| 8/13/2019 | Assignment 1st | US BANK | SN Servicing 1st | not disclosed to plaintiff until 12.12.2019 |
| 10/1/2019 | Invitation to apply for modificiatiion | MTGLO INVESTORS LP, 1st | SN Servicing 1st | As known to plaintiffs |
| 10/27/2019 | Schiavones apply for modification, 1st, papers directed to SN | MTGLO INVESTORS LP, 1st | SN Servicing 1st | As known to plaintiffs |
| 12/12/2019 | Assignment 1st | US BANK, 1st | SN Servicing 1st | **1st entered on record this case** |
| 12/12/2019 | MODIFICATION DENIED | MTGLO or US BANK, 1st | SN Servicing 1st | |
| 12/19/2019 | Schiavone appeals denial | US BANK 1st | SN Servicing 1st | |
| 1/10/2020 | Denial of modification upheld appeal denied | US BANK 1st | SN Servicing 1st | |

| Date | Event | Holder | Servicer | Additional Information |
|------|-------|--------|----------|------------------------|
| 3/11/2020 | Sum Jdgt for Wells case 0319 (both mortgages) | US Bank 1st, Wells 2nd | SN Servicing 1st, Wells 2nd | Johnson, J |
| | | | | |
| | *EXHIBIT D* | | | |
| **Date** | **Event** | **Holder** | **Servicer** | **Additional Information** |
| 4/7/2020 | Appeal 0319 to Pa Superior Court 1010 EDA 2020 (2nd Mortgage) | US Bank 1st, Wells 2nd | SN Servicing 1st | |
| 7/23/2020 | Settle 2nd mortgage agreement signed by all | Wells, 2nd | Wells 2nd | |
| 7/29/2020 | Praecipe dismiss appeal 1010 EDA 2020 | Wells, 2nd | Wells 2nd | 1010 EDA 2020 |
| 7/30/2020 | Preliminary objectioned sustained leave to amend 2020-c-1108 | US Bank 1st | SN Servicing 1st | Varricchio, J |

## CERTIFICATION

The undersigned certifies pursuant to PaCS Sec 4904 as follows:

1. That he is counsel with knowledge of the facts.

2. That he is authorized by plaintiffs to execute this certification in view of the Coronavirus restriction on movement;

3. That the certification of the plaintiffs will be substituted as soon as practicable.

Signed>_David F Dunn_   Dated>_Aug 19 2020_

COURT OF COMMON PLEAS OF LEHIGH COUNTY
CIVIL DIVISION

Case No.

Anthony L Schiavone &
Kathleen L Schiavone
    Plaintiffs

v.

US Bank, National Association, as
Trustee of the Chalet Series IV Trust
    &
SN Servicing Corporation,
    Defendants

### CERTIFICATION OF SERVICE

The undersigned certifies pursuant to 18 PACS Sec 4904 that the within complaint was served, certified

mail, return receipt requested upon each of the following the following:

US Bank, National Association as Trustee AND
SN Servicing Corporation
Attn.: Lynch Law Group
501 Smith Drive
Cranberry Township PA 16066

Date of Service: August 19, 2019

Respectfully submitted:

David Dunn Law Offices, PC

By> *David J Dunn*
..../s/.....David...F...Dunn...........

PA ID No 10284

1248 W. Hamilton Street, Allentown PA 18102
Tel: 610-972-2494; Fax: 610-439-8760
dunncourtpapers@uigzone.com